IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–0293–WYD–KMT

MELISSA R. SMITH, and
STEVE A. PEREA, JR.,

     Plaintiffs,

v.

MARTEN TRANSPORT, LTD.,

     Defendant.

---

# ORDER

---

This matter is before the court on "Plaintiffs [sic] Unopposed Motion to Amend Complaint." (Doc. No. 11, filed May 20, 2010.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the

leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Plaintiffs seek to add a claim for recovery of property damages that allegedly resulted from the motor vehicle collision at the heart of this case. Defendant does not oppose Plaintiffs' Motion. The deadline for amending pleadings was set by this court in the Scheduling Order at June 14, 2010. (Doc. No. 10, filed May 5, 2010.) Therefore, Plaintiffs' present Motion—filed May 20, 2010—is timely. Further, the case is in the early stages of litigation. Moreover, upon review of the proposed Amended Complaint and the Motion, the court finds there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

"Plaintiffs [sic] Unopposed Motion to Amend Complaint" (Doc. No. 11) is GRANTED. The Clerk of Court shall file Plaintiffs' "Amended Complaint for Personal Injury" (Doc. No. 11–1).

Dated this 21st day of May, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge