IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-cv-00293-RBJ-KMT

MELISSA R. SMITH and
STEVE A. PEREA, JR.,

     Plaintiffs,

v.

MARTEN TRANSPORT, LTD.,

     Defendant.

---

## ORDER

---

This comes before the Court on the parties' briefing concerning choice of law.

Plaintiffs argue that Nebraska substantive law governs, whereas the defendant argues that

Colorado law governs.

**Facts.**

On February 12, 2007 a tractor-trailer truck operated by an employee of Marten

Transport, Ltd. collided with the rear of another vehicle travelling west on Interstate 80 outside

of North Platte, Nebraska.  This triggered a nine vehicle accident that resulted, among other

things, in the death of defendant's driver.  Mr. Perea and Ms. Smith, who at that time were

residents of Hastings, Nebraska, were in one of the other involved vehicles.  Both of them,

particularly Ms. Smith, were seriously injured.

The plaintiffs sued Marten, a Wisconsin based company, in Nebraska state court.

However, plaintiffs relocated to Colorado, voluntarily dismissed the Nebraska case, and re-filed

their suit in this Court based upon diversity of citizenship jurisdiction.  They have subsequently

relocated back to Nebraska where they presently live.  Not surprisingly, the majority of the non-expert witnesses listed by both parties reside in Nebraska.  Plaintiffs received medical care in both states.  The majority of their endorsed experts, including non-medical experts, reside in Colorado.  Defendants' endorsed experts reside in Colorado and Idaho.

**Conclusions.**

It is not disputed that the choice of laws rules of the forum jurisdiction, here Colorado, apply.  *See Stuart v. Colorado Interstate Gas Co.,* 271 F.3d 1221, 1225 (10th Cir. 2001).  Colorado courts follow the "most significant relationship" approach found in the RESTATEMENT (SECOND) OF CONFLICT OF LAWS (1971).  *See, e.g., ITT Specialty Risk Services v. Avis Rent A Car Systems, Inc.*, 985 P.2d 43, 47 (Colo. Ct. App. 1998).  In determining which state has the most significant relationship to the case, the Court considers factors listed in sections 6 and 145 of the RESTATEMENT.  Those factors the place where the injury occurred; the place where the conduct causing the injury occurred, the domicile or residence of the parties; the needs of the interstate and international systems; the relevant policies of the forum; and the ease in the determination and application of the law to be applied.  *ITT Specialty,* 985 P.2d at 47.

The injury and the conduct that caused the injury occurred in Nebraska.  The plaintiffs lived in Nebraska at the time.  The defendant corporation is located in Wisconsin.  Neither party suggests that the needs of the interstate or international systems are relevant here.  The laws of the two states are different in at least one significant respect: Nebraska does not cap non-economic damages in personal injury cases but Colorado does.  However, the difference in law, while perhaps serving as the motivator for the current dispute, begs the question of which state's law should be applied.  The Court has no reason to believe that it will have significantly greater

difficulty understanding and applying Nebraska law than Colorado law.  In short, the several

factors point to the application of Nebraska law in this case.

Defendant appears to believe that plaintiffs were actually residents of Colorado when the

accident occurred, and that they are only temporarily living in Nebraska now.  Ms. Smith states

that she was on her way home to Hastings, Nebraska when the accident occurred, adding that the

car in which she was riding had a Nebraska license plate.  Affidavit, January 10, 2012, ¶3. [#124-

1].  The Court has no reason to doubt plaintiffs' claim regarding their residency, nor in any event

does the Court consider their state of residency to be dispositive.

Defendant notes the fact that most of the experts endorsed by the plaintiffs reside in

Colorado.  That presumably reflects the facts that plaintiffs relocated to Colorado, obtained

medical care and expert medical testimony from local health care professionals, retained

Colorado counsel to prosecute this suit, and in turn retained local non-medical experts.  In my

view the residence of the expert witnesses has little if any relevance to the choice of laws issue.

Finally, defendant argues that plaintiffs conceded earlier in this case that Colorado law

applies.  Defendant points out that in the parties' proposed Scheduling Order [#7], which the

magistrate judge entered [#10], they contemplated a possible amendment of the complaint to

state a claim for exemplary damages under Colorado law.  Later, in Plaintiffs' Motion to Modify

Scheduling Order Concerning Deadline to Amend the Complaint for the Purpose of Asserting a

Claim for Exemplary Damages [#17], plaintiffs' counsel reminded the Court that a deadline to

move to amend plaintiffs' complaint to assert a claim for exemplary damages "was proposed by

the parties based on the assumption that Colorado law was applicable to any claim for exemplary

damages."  Plaintiffs' response that their attorney's statement doesn't waive their rights is not

impressive.  The attorney is their agent.  However, the Court does not resolve conflicts of laws

3

issues based on such statements of lawyers or parties, however inconsistent or opportunistic they might have been.  The Court's obligation is to apply the law, and the law compels the conclusion that Nebraska substantive law governs on the facts of this case.

DATED this 13th day of April, 2012.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge